UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULWALI M. SUWAILEH,

    Plaintiff,
v.                                                Case No. 18-10170

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                               /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

All matters in this Social Security appeal stemming from the denial of disability benefits were referred to Magistrate Judge Patricia Morris for consideration and recommendation. (Dkt. #3.) Both Plaintiff and Defendant filed motions for summary judgment. (Dkt. #13,16.) Currently before this court is a Report and Recommendation ("R&R") issued by Judge Morris which recommends granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. (Dkt. #17.) Plaintiff timely filed two objections to the R&R. (Dkt. #18.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Plaintiff's objections and adopt the R&R in its entirety without alteration.

**I. STANDARD**

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*,

447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment or response to the other party's dispositive motion. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (collecting cases from the Eastern District of Michigan). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## II. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff's first objection contains what are essentially three general objections, none of which are persuasive.

First, Plaintiff asserts, without citation to legal authority, that the ALJ erred by not specifically discussing mental activities "generally required by competitive, remunerative, unskilled work[.]" (Dkt. #18, PageID 1080.) This argument fails because the ALJ is not required to address every possible work-related function in determining a plaintiff's RFC. *See Gilbert v. Comm'r of Soc. Sec.*, No. 15-CV-11325, 2016 WL

2

8114195, at *5 (E.D. Mich. Apr. 29, 2016), *report and recommendation adopted*, No. 15-11325, 2016 WL 4072476 (E.D. Mich. Aug. 1, 2016).

Second, Plaintiff challenges, again without providing a citation to supporting legal authority, Judge Morris's proposed finding that the ALJ's failure to mention 20 C.F.R. § 404.1520a was not an error. This argument was already raised before Judge Morris and properly rejected. (Dkt. #17, PageID 1065–66.) Plaintiff's repetition of an argument raised in his earlier summary judgment brief "is not appropriate or sufficient" to reject Judge Morris's recommendations. *See Funderburg*, No. 15-10068, 2016 WL 1104466, at *1. Moreover, Plaintiff's argument lacks merit because, as explained by Judge Morris, an ALJ need not directly cite 20 C.F.R. § 404.1520a to properly assess a claimant's mental impairments. *Turcus v. Soc. Sec. Admin.*, 110 F. App'x 630, 632 (6th Cir. 2014) ("Since the ALJ evaluated [plaintiff's] mental limitations as required by § 404.1520a, the ALJ's failure to specifically mention the regulation is not reversible error.").

Finally, Plaintiff asks the court to reweigh specific pieces of evidence. Again, Plaintiff fails to cite any legal authority to justify this request and fails to explain how the ALJ's analysis was legally deficient. The law in the Sixth Circuit is clear that the court cannot reweigh evidence considered by the ALJ. *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013) (internal quotations and citations omitted) ("Here, the [plaintiff] asks us to reweigh the evidence and substitute our judgment for that of the ALJ. We cannot do so. Even if we would have taken a different view of the evidence were we the trier of facts, we must affirm the ALJ's reasonable interpretation.").

### B. Plaintiff's Second Objection

In his second objection, Plaintiff challenges Judge Morris's proposed finding of harmless error in the ALJ's failure to "explain why he apparently disbelieved that Plaintiff needed to use a cane to keep his balance due to his vertigo, despite finding Plaintiff's vertigo to be a severe impairment." (Dkt. #17, PageID 1071.) As Judge Morris correctly explains, in order for a cane to be considered "medically required," Social Security Ruling 96-9p requires Plaintiff to submit "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7. Plaintiff fails to identify any such documentation.

In his objection, Plaintiff cites portions of his own testimony regarding his need for a cane but fails to cite any corroborating medical documentation to support this assertion. Pursuant to SSR 96-9p, the ALJ is not required to credit Plaintiff's testimony in the absence of any supporting medical records. *See Scroggins v. Comm'r of Soc. Sec.*, No. 16-11913, 2017 WL 4230650, at *3–4 (E.D. Mich. Sept. 25, 2017) (overruling similar R&R objection when the record contained no medical documentation describing plaintiff's need for a cane); *Brewer v. Comm'r of Soc. Sec.*, No. 10-14039, 2011 WL 7546792, at *10 (E.D. Mich. Dec. 11, 2011) ("[A]lthough the evidence regarding Plaintiff's [medical conditions] are well documented . . . the record does not show a correlation between these findings and Plaintiff's need for a cane, nor . . . the circumstances for which a cane is needed. Thus, the medical documentation insufficiently explains Plaintiff's need for the cane."). Accordingly, the court agrees that

4

any error made by the ALJ in failing to explain why he discounted Plaintiff's use of a cane was harmless.

### III. CONCLUSION

For the reasons stated above, the court overrules Plaintiff's objections and adopts Judge Morris's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. #18) are OVERRULED and that Judge Morris's Report and Recommendation (Dkt. #17) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. #16) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. #13) is DENIED.

> s/Robert H. Cleland
> ROBERT H. CLELAND
> UNITED STATES DISTRICT JUDGE

Dated: February 11, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2019, by electronic and/or ordinary mail.

> s/Lisa G. Wagner
> Case Manager and Deputy Clerk
> (810)292-6522

S:\Cleland\Cleland\HEB\Civil\18-10170.SUWAILEH.adopt.social.security.R&R.HEB.docx

5